**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**

**JAMES DAVID ADKINS** **PETITIONER**

**v.** **CIVIL ACTION NO. 5:09-CV-P135-R**

**NANCY DOOM** **RESPONDENT**

**MEMORANDUM AND ORDER**

Petitioner, James David Adkins, filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus (DN 1). He states on the petition that he was convicted on February 26, 2009, of unlawful transactions with a minor in the first degree and unlawful transactions with a minor in the second degree. According to the petition, he did not appeal his convictions and filed no other petitions, applications, or motions relating to these convictions.

He then filed a motion to hold his petition in abeyance until he can completely exhaust his remedies in state court (DN 4). He did not explain what if any claims he is or will be seeking to exhaust in state court. The Court ordered Petitioner to show cause why he failed to exhaust his claims before filing his petition and whether any of his claims are being pursued in the state courts. Petitioner has responded (DN 6).

It is axiomatic that one may not seek federal habeas corpus relief until he has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b)[1]; *Hannah v.*

---

[1] Section 2254(b)(1) states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is an absence of available State corrective process; or

*Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam). Any alleged constitutional deprivations must be asserted through the state appellate process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, [the Supreme Court] conclude[s] that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for the failure to exhaust claims, there is no indication that the petitioner engaged in dilatory tactics, and the unexhausted claims are "potentially meritorious." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

In his response to this Court's Order, Petitioner states that he was threatened and misled into pleading guilty; that he addressed that issue to the state circuit court, which failed to render appropriate relief; and that the state circuit court refused to allow him to appeal on the ground that he had not taken a conditional guilty plea. He states that he was told that the only issue he could appeal was the state court's refusal to allow him to withdraw his guilty plea. He states that that issue is currently on appeal. He further states that even if he wins his appeal in the state court his other rights would still be violated. He concludes that because he has been denied his right to appeal there are no state court remedies to exhaust. He asks this Court to allow the first five claims in his petition to

---

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

proceed if possible and that, if not, then to hold this petition in abeyance until the appeal regarding the withdrawal of his guilty plea is resolved.

Petitioner does not explain why he could not seek collateral relief from the state courts such as under Kentucky Rule of Criminal Procedure (RCr) 11.42, which allows a Kentucky prisoner to file a motion to vacate, set aside, or correct a conviction or sentence. Accordingly,

**IT IS ORDERED** that Petitioner's motion to hold his § 2254 petition in abeyance (DN 4) is **DENIED**. The Court will, by separate order, dismiss the petition without prejudice.

**CERTIFICATE OF APPEALABILITY**

An individual who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability ("COA") from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be

debatable. Thus, no certificate of appealability is warranted in this case.

Date: December 4, 2009

Thomas B. Russell
**Chief Judge, U.S. District Court**

cc: Petitioner, *pro se*
Respondent
Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
1024 Capital Center Drive, Frankfort, KY 40601

4413.009